**LORI HARPER SUEK**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone:    (406) 657-6101
FAX:       (406) 657-6989
E-Mail:    Lori.Suek@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**BRANDY JOY PRETTY ON TOP,**<br><br>Defendant. | **CR 17-11-BLG-SPW**<br><br><br><br>**OFFER OF PROOF** |

The defendant, Brandy Joy Pretty On Top, is charged in count I of the indictment with conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846; and in count II of the

1

indictment with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).

## PLEA AGREEMENT

Pretty On Top will plead guilty to count II of the indictment. The United States presented all formal plea offers to Pretty On Top in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the most favorable offer extended to Pretty On Top. *See Missouri v. Frye,* 566 U.S. 133, 146-147 (2012).

## ELEMENTS OF THE CHARGE

In order for Pretty On Top to be found guilty of the charge of possession with intent to distribute methamphetamine as charged in count II of the indictment, the United States must prove each of the following elements beyond a reasonable doubt:

First, the defendant methamphetamine; and

Second, the defendant possessed methamphetamine with intent to distribute it to another person.

Although not an element, the United States would also have to prove beyond a reasonable doubt that the defendant possessed with intent to distribute 50 or more grams of a substance containing a detectable amount of methamphetamine.

## PENALTY

Count II carries a mandatory minimum punishment of five to forty years of imprisonment, a $5,000,000 fine, at least four years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

In the summer of 2015, members of the Eastern Montana HIDTA and FBI Big Sky Safe Streets Task Force began investigating a methamphetamine trafficking organization responsible for transporting multi-pound quantities of methamphetamine from California to Montana for re-distribution.

During the summer of 2016, the investigation identified J.S.A. as one of a number of Hispanic males traveling to Montana from the San Jose area with multiple pounds of methamphetamine for re-distribution by local dealers in the Billings area and on both reservations. One of the local dealers that obtained methamphetamine from the organization, specifically from J.S.A. was identified as Pretty On Top. Through analysis of Facebook posts and interviews with sources, the task force identified Pretty On Top. Then, through a series of pen register/trap and trace applications, the task force was able to uncover a connection

between Pretty On Top and J.S.A., and they found drug-related text conversations between the two.

In addition to the text messages, sources, CIs, and other cooperating co-defendants identify Pretty On Top as a local distributor on the Northern Cheyenne Indian reservation.

J.S.A. has confirmed that Pretty On Top received methamphetamine from him/her for re-distribution and that the amount exceeded 50 grams of a substance containing methamphetamine.  He/she also confirmed that he/she and Pretty On Top communicated about distributing methamphetamine by text message.

DATED this 5th day of July, 2018.

        KURT G. ALME
        United States Attorney

        */s/ Lori Harper Suek*
        LORI HARPER SUEK
        Assistant U.S. Attorney